UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Josmens Jimenez Vera,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No. 2:26-cv-00682-CDS-NJK<br>**Order Granting the Petitioner's Motion to Return Property**<br>[ECF No. 18] |

Petitioner Josmens Jimenez Vera filed a first amended petition, asserting that his continued detention without a bond hearing violates his due process rights because he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). First am. pet., ECF No. 9. On May 21, 2026, the court granted in part the petitioner's first amended petition and ordered the respondents to give the petitioner a bond hearing. Order, ECF No. 15. The court further ordered the parties to file a status report no later than June 4, 2026, advising the status of compliance with the court's order. *Id.* On June 4, 2026, the parties filed a joint status report advising that the petitioner had a custody redetermination hearing on May 22, 2026, and was granted bond. Joint status, ECF No. 16. Jimenez Vera then filed a motion for an order to return property. Mot., ECF No. 18. Therein, he seeks an order to have the respondents return all his property and documents seized at the time of his detention. *Id.* The respondents oppose the motion. Opp'n, ECF No. 19. For the reasons stated herein, I grant the petitioner's motion.

## I. Discussion

Jimenez Vera was released from immigration custody on June 8, 2026. ECF No. 18 at 1. However, the petitioner asserts that upon his release, the respondents did not return his property—that is, his work permit, social security card, and passport. *Id.* at 2. Petitioner's counsel informed the respondents' counsel that while Jimenez Vera had his work permit, social

security card, and passport when he was arrested, he had not received his property when he was released. *Id.* While the respondents make representations that it is ERO's policy not to return passports to individuals without court order and that all other property should have been released to Jimenez Vera, the petitioner's counsel contends that Jimenez Vera has not received any of his property. *Id.*

As a result, Jimenez Vera brings this motion, asserting that the court has inherent authority to ensure that its order finding Jimenez Vera was unconstitutionally detained has been enforced and that Jimenez Vera's due process violation has been fully remedied. *Id.* at 3 (citing *Cahill v. Insider Inc.*, 131 4th 933 (9th Cir. 2025)). As such, the petitioner requests that the court return him to the status quo before he was unconstitutionally detained by ordering the respondents to return his property. *Id.* at 4. In opposition, the respondents assert that they are only in possession of the petitioner's passport and do not have any other documents. ECF No. 19.

As a threshold matter, the respondents do not cite any points and authorities to support their position which relies on "ICE policy 11311 dated January 13, 2023" to withhold the petitioner's passport. *See* Local Rule 7-2(d) (explaining that the failure of an opposing party to file points and authorities in response to any motion, constitutes consent to the granting of that motion). Consequently, I find that the respondents consent to granting the petitioner's motion. The respondents are ordered to return the petitioner's passport by July 22, 2026.[1]

Second, because it is unclear whether the respondents have returned Jimenez Vera's work permit and social security card, they are directed to file a formal response certifying: (1) the whereabouts of these items, if known to the respondents and (2) if these items were returned, when and to whom such items were returned[2] by July 23, 2026.

---

[1] Per the status report docketed at ECF No. 20, the petitioner has returned home to Utah. The respondents may send the passport via FedEx or some postal service, requiring a signature upon receipt, to comply with this order. If the respondents select this option, they must also file proof of mailing with signature required within five days of this order.

[2] I also find that even if the respondents would have provided support for their position, I have the authority to grant the relief sought by the petitioner. *See also United States v. Martinson*, 809 F.2d 1364, 1366–

## II. Conclusion

IT IS HEREBY ORDERED that Jimenez Vera's motion for return of property **[ECF No. 18] is GRANTED.**

IT IS FURTHER ORDERED that the respondents are ordered to return the petitioner's passport by July 22, 2026, and are ordered to certify the whereabouts of the petitioner's social security card and work permit by July 23, 2026.

IT IS FURTHER ORDERED that the parties must file a status report no later than July 23, 2026, advising the status of compliance with this order. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

Dated: July 16, 2026

_______________________________
Cristina D. Silva
United States District Judge

67 (9th Cir. 1987) ("district court has jurisdiction to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant").